# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-2049V

| | |
|---|---|
| BELKIS DIAZ,<br><br>　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: March 27, 2024 |

*Laura Levenberg*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Joseph Adam Lewis*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On December 30, 2020, Belkis Diaz filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration as a result of a tetanus, diphtheria, and acellular pertussis vaccine she received in her right arm on April 9, 2019. Petition, ECF No. 1. On November 27, 2023, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 41.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $16,924.85 (representing $16,141.80 in fees plus $783.05 in costs). Petitioner's Application for Fees and Costs ("Motion") filed Feb. 9, 2024, ECF No. 46. In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. *Id*. at 2.

Respondent reacted to the motion on Feb. 13, 2024, reporting that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 47. Petitioner did not file a reply thereafter.

The rates requested for work performed through the end of 2023 are reasonable and consistent with our prior determinations and will therefore be adopted herein. Petitioner has also requested the hourly rate of $400 for 2024 work performed by attorney Laura Levenberg, a rate increase of $25. Motion at 12. I find this hourly rate to be reasonable and will award the attorney's fees requested. All time billed to the matter was reasonably incurred and Petitioner has provided supporting documentation for all claimed costs. Motion at 14-19. Respondent offered no specific objection to the rates or amounts sought.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$16,924.85 (representing $16,141.80 in fees plus $783.05 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Laura Levenberg.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.